Isnold TOUSSAINT, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70437.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 24, 2007.

Daniel E. Chavez, Esq., Law Offices of Daniel E. Chavez, Petaluma, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Isnold Toussaint, a native and citizen of Haiti, petitions for review of a Board of Immigration Appeals ("BIA") decision that summarily affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum and withholding of remov-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

540

al. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms the IJ's decision without opinion, the IJ's decision becomes the BIA's decision. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004). We review for substantial evidence, *see Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

Substantial evidence supports the IJ's denial of asylum because the record as a whole indicates that Toussaint's attackers were motivated entirely by pecuniary interests, and we therefore conclude that the evidence does not compel the conclusion that Toussaint was persecuted on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In addition, Toussaint failed to establish that the Haitian government was either unwilling or unable to control his assailants. *Castro–Perez v. Gonzales*, 409 F.3d 1069, 1071–72 (9th Cir.2005).

Because Toussaint failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.